IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY RAY WALKER, #1955898 | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-CV-14-L-BT |
| | § | |
| LORIE DAVIS, Director TDCJ-CID | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Johnny Ray Walker, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the petition should be denied.

I.

Petitioner challenges his conviction for murder. *State of Texas v. Johnny Ray Walker*, No. F-1360285-Y (7th Dist. Ct., Dallas County, Tex., September 18, 2014). In 2014, a jury found Petitioner guilty of murder, and the trial court sentenced him to 99 years imprisonment. The Fifth District Court of Appeals affirmed the judgment, *Walker v. State*, No. 05-14-01229-CR, 2016 WL 259577 (Tex. App. – Dallas 2016, pet. ref'd), and the Texas Court of Criminal Appeals refused discretionary review, *Walker v. State*, No. PD-0129-16. Petitioner then filed a state habeas petition, *Ex parte Walker*, No. 86,495-01, which the Court of Criminal Appeals denied without written order on the findings of the trial court without a hearing.

1

Petitioner filed the instant § 2254 petition on January 3, 2018. In two general grounds for relief, Petitioner claims his counsel provided ineffective assistance at trial by: (1) failing to impeach two prosecution witnesses; and (2) failing to object to a jury instruction on voluntary intoxication.

## II.

1. **Standard of Review**

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). When reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

Federal habeas corpus relief for state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). The pertinent terms of the AEDPA, 28 U.S.C. § 2254, provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

>    (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.* As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. *Harrington v. Richter*, 562 U.S. 86,105 (2011). A petitioner must show that there was no reasonable basis for the state court to deny relief. *Id.*, at 98.

Under Texas law, when the Court of Criminal Appeals denies a state habeas petition, as in the present case, the "denial" means that the court rejected the merits of a particular claim. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim."); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits."). Because the Court of Criminal Appeals denied Petitioner's claims on the merits, the deferential AEDPA standard of review applies to this petition.

### 2. Ineffective Assistance of Counsel

To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

4

A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

*Failure to Impeach Witness Jimmy Sheppard*

Petitioner argues counsel provided ineffective assistance by failing to impeach prosecution witness Jimmy Sheppard. Petitioner argues Sheppard's testimony "was inconsistent with whether he saw the shooting directly." In support, Petitioner claims "State's exhibit 47 is a video of Sheppard stating that he never saw anything." Petitioner provides no further evidence from the record to support this claim. Petitioner did not submit State's exhibit 47. The Court notes that the state habeas court found that State's exhibit 47 was a DVD of a police interview of another witness, not Sheppard. (ECF No. 17-25 at 18); *see also* (ECF No. 17-7 at 28). Petitioner fails to demonstrate his counsel was deficient because the tape he relies on to demonstrate Sheppard made inconsistent statements was actually an interview of a different witness. He fails to demonstrate how counsel should have, but failed to, impeach Sheppard.

5

Additionally, Petitioner fails to affirmatively prove prejudice regarding this claim. *Strickland*, 466 U.S. at 693. He fails to demonstrate the inconsistencies in Sheppard's testimony, or how those alleged inconsistencies would benefit him. Even assuming Sheppard's testimony was inconsistent regarding whether he saw Petitioner shoot the victim, another witness testified at trial that he saw the Petitioner shoot the victim, *see* (ECF No. 17-7 at 25-26, 41-42), and third witness testified that, on the day and at the location of the murder, the Petitioner stated he was going to shoot somebody. (*Id.* at 52).

Furthermore, the state habeas court made the following findings and conclusions:

> Trial counsel reviewed the videotaped interview of witness Sheppard who said he saw Applicant in possession of a gun (in his hand and waistband). Sheppard had known Applicant for some time prior to the shooting. Sheppard heard a sound as if Applicant were racking/loading the gun and then heard gunshots. (RR-4: 65-67). Sheppard said another man was present who said something similar to, "he just killed that man." Sheppard said he saw Applicant run down the railroad tracks after the shooting. (RR-4: 70). Sheppard was inconsistent with whether he saw the shooting directly. Other witnesses, Nelson and Eakles, testified that they saw the shooting. When asked by the 911 operator who had fired the shot, Sheppard did not give them Applicant's name but said it was a "young man." (RR-4:75). At trial, Sheppard said he thought the dispatcher was asking for a description of the shooter. (RR-4: 75). When Sheppard went to the police station, he gave them Applicant's name as the shooter. (RR-4: 75-76).
>
> Applicant asserts that State's Exhibit 47 is a video of Sheppard stating that he never saw anything. However, State's Exhibit 47 (a DVD of Nelson's interview with

> police) was used to impeach witness Nelson. (RR-4: 44-48).
>
> . . . .
>
> Applicant has failed to prove that he received ineffective assistance of counsel. Applicant did not prove that counsel's representation fell below an objective standard of reasonableness. Nor did he prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have differed.

Petitioner fails to demonstrate the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000).

### *Failure to Impeach Witness Curtis Smith*

Petitioner also alleges his counsel provided ineffective assistance by failing to impeach Curtis Smith after Smith had failed to identify Petitioner as the shooter in a pre-trial photographic line-up. Petitioner argues counsel should have shown that Smith picked a photograph of another person from the line-up.

In deciding whether counsel's performance was deficient, courts "must be highly deferential to counsel's trial strategy." *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002). Thus, a "conscious and informed decision on trial tactics and strategy cannot be the basis of constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial

with obvious unfairness." *Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009).

In his affidavit in the state habeas proceedings, counsel stated:

> Witness Mr. Smith picked photograph number three (#3) in the sequential line-up. He noted he was 100% positive. Mr. Smith selected Mr. Walker's photograph. Mr. Smith said he was not intoxicated. Mr. Walker did not submit the complete line up package with his Writ. I copied the line-up and other information and provided it to Mr. Walker before his Jury Trial.
>
> . . . .
>
> Counsel thought it was not critically important to attack the witness as Mr. Walker suggests. I wanted to avoid a contentious examination with Mr. Smith. He was able to identify Mr. Walker and testify about the clothes he wore and changed into near the outside of Mr. Smith's residence. Mr. Smith did not see the gun. He did not see the shooting and did not know who did the shooting. I think if Mr. Smith had not testified, the State's case would not have been irreparably damaged.

(ECF No. 17-25 at 20-21).

Petitioner fails to provide any evidence to show counsel's decision not to question Smith regarding his identification of the shooter in the photographic line-up, and at trial, was not reasoned trial strategy, nor that it made the entire trial proceedings obviously unfair. *See Richards*, 566 F.3d at 564.

Additionally, as stated above, other witnesses identified Petitioner as being at the scene of the murder and shooting the victim. Thus, Petitioner has also failed to affirmatively prove there is reasonable probability that, had his attorney

challenged Smith regarding his identification of the Petitioner, the result of the trial would have been different. *Strickland*, 466 U.S. at 693.

Furthermore, the state habeas court made the following findings and conclusions:

> Trial counsel states that witness Smith selected photograph number three (the Applicant's photo) from the photo line-up. Smith was 100% positive. Counsel does not believe that Applicant submitted the entire photo line-up (which counsel provided to Applicant prior to trial) or that he presented it in its original form, with his application. Trial counsel did not believe it was "critically important" to attack the witness. Rather, as a matter of trial strategy, counsel wanted to avoid a contentious examination of Smith. Smith identified Applicant at trial. (RR-4:122). Smith testified about the clothing Applicant wore and the clothing he changed into near Smith's residence. (RR-4: 121-129). Smith did not see the shooting or who did it. Smith did not see a gun. While Exhibit A (a police report) indicates that Smith said he had never seen Applicant, Smith testified at trial that he had seen Applicant around the area but did not know him "personally". (RR-4: 118). Regardless, Smith identified Applicant in a photo lineup, was 100% sure Applicant was the person who came into his yard and changed clothes and Smith was familiar with Applicant from the neighborhood.
>
> . . . .
>
> Applicant has failed to prove that he received ineffective assistance of counsel. Applicant did not prove that counsel's representation fell below an objective standard of reasonableness. Nor did he prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have differed.

(ECF No. 17-25 at 17-18). Petitioner fails to demonstrate the state court decision was improper. *See Williams*, 529 U.S. at 402-03 (2000).

<u>Failure to object to improper jury instruction</u>

Petitioner further argues his counsel provided ineffective assistance for failing to object to a jury instruction on voluntary intoxication. He argues that there was no evidence he was intoxicated at the time of the murder and therefore his counsel was ineffective for not objecting to the jury instruction.

Petitioner did not present this issue to the Court of Criminal Appeals, either on direct appeal, or in his state habeas application. On direct appeal, Petitioner argued the trial court erred by instructing the jury on voluntary intoxication. (ECF No. 17-13 at 43-45). In his state habeas application, he argued counsel was ineffective for not requesting a limiting instruction regarding a witness's testimony. (ECF No. 17-26 at 10, 22-23).

Each issue a petitioner raises in a federal habeas writ must have been exhausted. That is, the issue must have been "fairly presented" to the state court. *Picard v. Conner*, 404 U.S. 270, 275 (1971). The exhaustion requirement is not met when new factual claims are made in a federal petition. *Anderson v. Harless,* 459 U.S. 4, 6–7 (1982). If a petitioner fails to exhaust state remedies and the court to which he would be required to present his claims would now find the claims procedurally barred due to the petitioner's own procedural default, "federal courts are barred from reviewing those claims." *Woodfox v. Cain*, 609 F.3d 774, 793 (5th Cir. 2010) (citing *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.

1995)). To overcome the procedural bar for failure to exhaust state remedies, a petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In the present case, if Petitioner were to return to state court to attempt to exhaust, he would be barred from raising this claim. *See Neville v. Drekte*, 423 F.3d 474, 480 (5th Cir. 2005) (stating that "[e]xcept under extraordinary circumstances, Texas law does not permit successive petitions."); Tex. Code Crim. Proc. 11.07 § 4. Additionally, Petitioner has failed to establish, or even argue, cause for the default and actual prejudice. This claim is unexhausted and procedurally barred.

### 3.   Summary

Petitioner has provided insufficient evidence to demonstrate that his counsel was ineffective by failing to impeach witnesses Sheppard or Smith. Additionally, Petitioner's claim that his counsel provided ineffective assistance by not objecting to a jury instruct on voluntary intoxication is unexhausted and procedurally barred. Moreover, Petitioner fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the

state court proceeding. *Williams*, 529 U.S. at 380-84. He fails to show there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, 562 U.S. at 98.

## III.

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed December 31, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).